Bernard I. Kunert, Esq. Attorney for the Village of Warwick
This is in response to your request for an opinion as to whether an excavator who has given timely notice of proposed excavation to an operator may proceed to excavate on the proposed date where the operator either neglects or refuses to respond to the notice as required ( 12 NYCRR 53-3.3, 53-3.5, 53-4.5). You state that you are primarily interested in the situation where the excavator is a municipality under a duty to replace or repair defective water lines in the streets.
It is our opinion that you may not proceed to excavate where there has been no response to your notice by the operator.
In a prior opinion (1977 Op Atty Gen 214), after reviewing the pertinent statute and regulations, we wrote:
 "From all of the foregoing, we conclude that in light of the expressed legislative intent and the specific language of Industrial Code Rule No. 53, an excavator, who has given timely notice of his commencement date, may not proceed with work on the designated commencement date if he has not received notification from all notified operators to the effect (1) that they have no underground facility located in or within 15 feet of the proposed work area, or (2) that any underground facility they have located in or within 15 feet of the proposed work area has been staked, marked or otherwise designated in accordance with Rule 53, or (3) that they cannot complete the staking, marking or other designation prior to the completion date but will do so within two working days after the stated commencement date."
12 NYCRR 53-4.5 (a) provides in pertinent part: "Prior to the date and time of the commencement of the proposed excavation or demolition work as stated in the recorded notice, the operator shall notify the excavator * * *." In 12 NYCRR 53-1.5 (a) (14) "shall" is defined: "The word `shall' is always mandatory." Accordingly, there is a positive duty on the part of the operator to respond to the notice given by the excavator.
Enforcement provisions for failure to comply with the requirements of this provision, provide in part:
 "(a) The enforcement of this Part (rule), as promulgated pursuant to section 28-a of the Labor Law, is not by the Industrial Commissioner but is pursuant to the provisions of section 28-b of the Labor Law." (12 NYCRR 53-1.2.)
Section 28-b of the Labor Law provides that any violation thereof is a violation of Article 36 of the General Business Law. Section 764, contained in Article 36 of the General Business Law, delineates the penalties to which a violator may be subject and further provides that such violations are to be prosecuted by the New York State Attorney General in the Supreme Court.
Section 1 of chapter 818 of the Laws of 1974, which expresses the legislative intent for Labor Law, §§ 28-a and 28-b, was quoted in full in our prior opinion (1977 Op Atty Gen 214). The purpose of requiring a method of notification before excavation was, among other things, to protect workers and the public from injury, damage to property and interruption of essential services. These risks are still present if an excavator proceeds to excavate on the proposed date and the operator has not responded to the notice. Under such circumstances the excavator does not know whether there are any underground facilities in the area of the proposed excavation. Worse still, if there are underground facilities in the area of the proposed excavation, these facilities have not been marked, staked or otherwise designated. Proceeding to excavate under such circumstances would be contrary to the intent of the statute and provisions of the regulations.
Section 4 of chapter 818 of the Laws of 1974 also added Article 36 to the General Business Law. Section 762 (3) of that article provides:
 "Prior to any excavation or demolition, the excavator shall verify the precise location of the underground facilities in a manner set forth in the rules and regulations promulgated by the board of standards and appeals pursuant to section twenty-eight-a of the labor law."
This reinforces the overall legislative intent to make sure that excavation does not proceed without proper identification of the location of underground facilities.
Your only remedy as an excavator where the operator fails to respond to notification is to request prosecution of the operator and/or to commence a proceeding to compel the operator to respond as required by law.
We would point out to you that 12 NYCRR 53-3.18 provides certain emergency situations in which excavation may be done without prior notification. As a municipality under an obligation to replace or repair defective water lines in public streets, you may encounter some situations that come within this section.